**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**CHRISTOPHER GOODVINE,**

**Plaintiff,**

**v.** **Case No. 26-CV-157**

**BRAD MLODZIK, *et al*.,**

**Defendants.**

---

## ORDER SCREENING THE COMPLAINT

---

On January 29, 2026, plaintiff Chirstopher Goodvine, who is incarcerated and representing himself, filed a complaint under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights. (ECF No. 1.) He also filed a supplement to the complaint, (ECF No. 3); a motion for a preliminary injunction, (ECF No. 4); and a motion to take judicial notice, (ECF No. 12). This order resolves these motions and screens the complaint.

Because Goodvine consented to the full jurisdiction of a magistrate judge and the Wisconsin Department of Justice's consented to the exercise of limited magistrate judge jurisdiction as set forth in the Memorandum of Understanding between the Wisconsin Department of Justice and this court, the court has jurisdiction to screen the complaint.

**MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE**

The Prison Litigation Reform Act (PLRA) applies to this case because Goodvine was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On February 19, 2026, Goodvine filed a motion for leave to proceed without prepayment of the filing fee. (ECF No. 10.) On February 23, 2026, the court ordered Goodvine to pay an initial partial filing fee of $1.23 by March 25, 2026. (ECF No. 11.) Goodvine paid the fee on March 12, 2026. The court will grant Goodvine's motion for leave to proceed without prepaying the filing fee. He must pay the filing fee over time in the manner explained at the end of this order.

**SCREENING THE COMPLAINT**

*Federal Screening Standard*

The Prison Litigation Reform Act (PLRA) applies to this case because Goodvine was incarcerated when he filed his complaint. The PLRA requires courts to screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

*Goodvine's Allegations and Analysis*

Goodvine alleges that defendants, various prison officials at Waupun Correctional Institution (Waupun), refuse to provide him his medication for his migraines outside the designated medication pass times. (ECF No. 1, ¶¶ 21-22.) Goodvine filed a supplement to his complaint that adds additional allegations. (ECF No. 3.) He also filed a motion for judicial notice that appears to add additional details. (ECF No. 12.) The court construes the motion for judicial notice as a motion to further supplement his complaint.

Federal Rule of Civil Procedure 15(d) allows a plaintiff to supplement his complaint to add allegations of "any transaction, occurrence, or event that happened after the date" of the complaint. However, the newly proposed allegations must be related to the subject matter of the original complaint. *Alesi v. Redman*, No. 3:20-CV-318-CRL-MMG, 2021 WL 123129 at *1 (N.D. Ind. Jan. 13, 2021).

Goodvine's original complaint is broad and does not list what the defendants specifically and individually did or did not do and when each incident occurred. While the Federal Rule of Civil Procedure 8(a)(2) requires that a plaintiff give only "a short and plain statement of the claim," and "specific facts are not necessary," the allegations still have to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 55 (internal citations omitted)). Specifically, in order to state a claim, Goodvine needs to list specific dates and times and provide the names of the individuals that refused to give him his medications. Alternatively, if Goodvine

is challenging the constitutionality of a medication pass policy, he needs to state who is responsible for implementing the policy and how the policy is acting to violate his constitutional rights.

Given the deficiencies in Goodvine's complaint combined with the additional information that Goodvine wants to add, the court will allow Goodvine to amend his complaint. Accordingly, if Goodvine so chooses, he may file an amended complaint by **September 14, 2026** and specify which individuals he alleges refused to give him medication and when. If he does not know the name of the individuals, he may use John or Jane Doe as a placeholder. If his complaint survives screening, he will have an opportunity to conduct discovery to figure out their identities. The court will enclose a copy of the amended complaint form with this order, and Goodvine must use the spaces on pages two and three to allege the key facts that give rise to the claims he wishes to bring, and to describe which defendants he believes committed the violations that relate to each claim. If the space is not enough, he may use up to five additional sheets of paper.

Goodvine is advised that an amended complaint replaces the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). If an amended complaint is received, the court will screen it as required by 28 U.S.C. § 1915A. If an amended complaint is not received, the court will dismiss the action based on Goodvine's failure to state a claim in his original amended complaint.

## PRELIMINARY INJUNCTION

Goodvine also moves for a preliminary injunction requiring the court to order Waupun to provide him his migraine medication as needed. Because there is currently no operative complaint, the court will deny this motion without prejudice. Once Goodvine files an amended complaint, and if at screening the court determines he states a claim upon which relief may be granted, Goodvine then may refile his motion for a preliminary injunction.

Goodvine should note, however, that the court's authority to grant injunctive relief in prisoner cases under the PRLA is extremely narrow, and the court almost always must defer to the prison staff regarding the day-to-day operations of the institution. *See Scarveu v. Litscher*, 434 F.3d 972, 976-77 (7th Cir. 2006) (citing *Duran v. Elrod*, 760 F.2d 756, 759 (7th Cir. 1985)).

**THEREFORE, IT IS ORDERED** that Goodvine's motion for leave to proceed without prepaying the filing fee (ECF No. 10) is **GRANTED.**

**IT IS FURTHER ORDERED** that Goodvine's motion for a preliminary injunction (ECF No. 4) is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that Goodvine's motion to take judicial notice (ECF No. 12) is **DENIED**.

**IT IS FURTHER ORDERED** that Goodvine may file an amended complaint that complies with the instructions in this order on or before **September 14, 2026**. If Goodvine files an amended complaint by the deadline, the court will screen the amended complaint under 28 U.S.C. § 1915A. If Goodvine does not file an amended

complaint by the deadline, the court will dismiss this case based on his failure to state a claim in his original complaint and will issue him a "strike" under 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the Clerk's Office mail Goodvine a blank prisoner complaint form and a copy of the guide entitled "Answers to Prisoner Litigants' Common Questions," along with this order.

**IT IS FURTHER ORDERED** that the agency having custody of Goodvine shall collect from his institution trust account the $348.77 balance of the filing fee by collecting monthly payments from Goodvine's prison trust account in an amount equal to 20% of the preceding month's income credited to Goodvine's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Goodvine is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this order along with his remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Goodvine is confined.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

institution staff, who will scan and e-mail documents to the court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

Office of the Clerk of Courts
517 E. Wisconsin Avenue, Room 362
Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

Goodvine is further advised that failure to make a timely submission may result in the dismissal of this case for failure to diligently pursue it. In addition, the parties must notify the Clerk of Court of any change of address. Goodvine is reminded that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. Goodvine's failure to keep the court advised of his whereabouts may result in the dismissal of this case without further notice.

Dated at Milwaukee, Wisconsin this 13th day of August, 2026.

BY THE COURT:

Nancy Joseph

NANCY JOSEPH
United States Magistrate Judge